Erick Edgardo **HERNANDEZ–FLORES**, Petitioner,

v.

John **ASHCROFT**, Attorney General,* Respondent.

No. 02–72334, A70–940–059.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.**

Decided Aug. 13, 2004.

Erick Edgardo Hernandez–Flores, Los Angeles, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William C. Minick, U.S. Department of Justice, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

* We sua sponte amend the caption to reflect that Attorney General John Ashcroft is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM *** .

Erick Edgardo Hernandez–Flores, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.

Hernandez–Flores's challenge to the BIA's summary affirmance procedure is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–50 (9th Cir.2003).

The challenge to the decision on the merits fails because substantial evidence supports the determination that he failed to establish a cognizable ground for asylum. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1064 (9th Cir.2003). Hernandez–Flores's claim that he was persecuted on account of his political opinion is belied by his own testimony; he confirmed that the alleged guerrillas never accused him or his father of belonging to the national government and never imputed a political opinion upon them.

By failing to qualify for asylum, Hernandez–Flores necessarily fails to satisfy the more stringent standard for withholding of deportation. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

We decline to address the merits of Hernandez–Flores's contentions regarding his eligibility for suspension of deportation under *Barahona–Gomez v. Reno,* 167 F.3d 1228 (9th Cir.1999), because there is no evidence in the record that he applied for suspension during his deportation proceedings.

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), petitioner's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

